IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHY A. ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | No.  20-cv-2387 |
| v. ) | |
| ) | Magistrate Judge Jeffrey I. Cummings |
| KILOLO KIJAKAZI, Acting ) | |
| Commissioner of Social Security,[1] ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM OPINION AND ORDER**

Kathy A. ("Claimant") brings a motion to reverse the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for Disability Insurance Benefits ("DIBs") and Supplemental Security Income ("SSI"). The Commissioner brings a motion for summary judgment seeking to uphold the decision to deny benefits. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. §636(c). This Court has jurisdiction to hear this matter pursuant to 42 U.S.C. §§405(g) and 1383(c)(3). For the reasons stated below, Claimant's motion to reverse the Commissioner's final decision, (Dckt. #16), is granted, and the Commissioner's motion for summary judgment, (Dckt. #19), is denied.

**I.    BACKGROUND**

   **A.    Procedural History**

On November 4, 2016, Claimant (then fifty-one years old) filed an application for SSI and DIBs, alleging disability dating back to June 23, 2015. (Administrative Record ("R.") 13). Her claim was denied initially and upon reconsideration. (*Id.*). Claimant filed a timely

---

[1] In accordance with Internal Operating Procedure 22 - Privacy in Social Security Opinions, the Court refers to plaintiff only by her first name and the first initial of her last name. Acting Commissioner of Social Security Kilolo Kijakazi has also been substituted as the named defendant. Fed.R.Civ.P. 25(d).

1

request for a hearing, which was held on November 27, 2018, before Administrative Law Judge ("ALJ") James Wascher. (R. 29-76). On February 21, 2019, the ALJ issued a written decision denying Claimant's application for benefits. (R. 10-28). Claimant filed a timely request for review with the Appeals Council. On February 14, 2020, the Appeals Council denied Claimant's request for review, (R. 1-6), leaving the decision of the ALJ as the final decision of the Commissioner. This action followed.

B.     **The Social Security Administration Standard to Recover Benefits**

To qualify for disability benefits, a claimant must demonstrate that she is disabled, meaning she cannot "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A). Gainful activity is defined as "the kind of work usually done for pay or profit, whether or not a profit is realized." 20 C.F.R. §404.1572(b).

The Social Security Administration ("SSA") applies a five-step analysis to disability claims. 20 C.F.R. §404.1520. The SSA first considers whether the claimant has engaged in substantial gainful activity during the claimed period of disability. 20 C.F.R. §404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has one or more medically determinable physical or mental impairments. 20 C.F.R. §404.1521. An impairment "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques." *Id.* In other words, a physical or mental impairment "must be established by objective medical evidence from an acceptable medical source." *Id.*; *Shirley R. v. Saul*, 1:18-cv-00429-JVB, 2019 WL 5418118, at *2 (N.D.Ind. Oct. 22, 2019). If a claimant establishes that she has one or more physical or

mental impairments, the ALJ then determines whether the impairment(s) standing alone, or in combination, are severe and meet the twelve-month durational requirement noted above. 20 C.F.R. §404.1520(a)(4)(ii).

At step three, the SSA compares the impairment or combination of impairments found at step two to a list of impairments identified in the regulations ("the listings"). The specific criteria that must be met to satisfy a listing are described in Appendix 1 of the regulations. 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairments meet or "medically equal" a listing, she is considered disabled and no further analysis is required. If a listing is not met, the analysis proceeds. 20 C.F.R. §404.1520(a)(4)(iii).

Before turning to the fourth step, the SSA must assess a claimant's residual functional capacity ("RFC"), meaning her exertional and non-exertional capacity to work despite the limitations imposed by her impairments. Then, at step four, the SSA determines whether the claimant is able to engage in any of her past relevant work. 20 C.F.R. §404.1520(a)(4)(iv). If the claimant can do so, she is not disabled. *Id.* If she cannot undertake her past work, the SSA proceeds to step five to determine whether a substantial number of jobs exist that the claimant can perform given her RFC, age, education, and work experience. If such jobs exist, the individual is not disabled. 20 C.F.R. §404.1520(a)(4)(v).

### C. The Evidence Presented to the ALJ

Claimant seeks disability benefits due to alleged limitations stemming from osteoarthritis in her knees, osteoarthritis and tendon tears in her right shoulder, obesity, hypertension, depression, and anxiety. Because the Court's decision relates only to the ALJ's assessment of Claimant's mental impairments, it will limit its discussion of the evidence accordingly.

On April 1, 2017, clinical psychologist Michael V. Ostrowski completed a consultative mental status examination of Claimant. He found that she was well-oriented and cooperative and demonstrated good memory, but diagnosed her with depression, anxiety, and agoraphobia. (R. 745). Relying on Dr. Ostrowski's assessment, state agency consultants David Voss, Ph.D., and Donald Henson, Ph.D., found that Claimant has: (1) mild limitations in interacting with others; (2) mild limitations in concentration, persistence, and pace; (3) no limitations in her ability to understand, remember, or apply information; and (4) no limitations in her ability to adapt or manage herself. (R. 83, 122). Although Claimant has never received mental health treatment for her depression or anxiety, she testified that she cries every day. (R. 60).

### D. The ALJ's Decision

The ALJ applied the five-step inquiry required by the Act in reaching his decision to deny Claimant's request for benefits. At step one, the ALJ found that Claimant had not engaged in substantial gainful activity since her alleged onset date of June 23, 2015. (R. 15). At step two, the ALJ determined that Claimant suffers from the severe impairments of "osteoarthritis of the bilateral knees status post total knee arthroplasties and right shoulder osteoarthritis and tendon tears status post three surgeries." (*Id.*). The ALJ found that Claimant's depression, anxiety, obesity, and hypertension were medically determinable, but non-severe. (R. 16). At step three, the ALJ concluded that Claimant does not have an impairment or combination of impairments that meet or medically equal one of the Commissioner's listed impairments. (*Id.*).

Before turning to step four, the ALJ determined that Claimant has the residual functional capacity ("RFC") to perform light work with the following limitations:

> She can occasionally climb ladders, ropes, ramps, and stairs. The claimant can occasionally balance, stoop, kneel, crouch, and crawl. The claimant can occasionally reach and handle with the dominant right upper extremity. The claimant can frequently push and pull with the dominant right upper extremity.

(R. 17). Based on these conclusions, the ALJ determined at step four that Claimant is not capable of performing her past relevant work as a machine feeder or a certified nursing assistant. (R. 21). Even so, at step five, the ALJ concluded that a sufficient number of jobs exist in the national economy that Claimant can perform, although he cited no examples of such jobs. (*Id.*). As such, the ALJ found that Claimant was not disabled. (R. 22).

II. **STANDARD OF REVIEW**

A claimant who is found to be "not disabled" may challenge the Commissioner's final decision in federal court. Judicial review of an ALJ's decision is governed by 42 U.S.C. §405(g), which provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. §405(g). "Substantial evidence is not a high threshold: it means only 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Karr v. Saul*, 989 F.3d 508, 511 (7th Cir. 2021), *quoting Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal quotation marks omitted). The Commissioner's decision must also be based on the proper legal criteria and be free from legal error. *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004); *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

A court reviews the entire record, but it does not displace the ALJ's judgment by reweighing the facts, resolving conflicts, deciding credibility questions, making independent symptom evaluations, or otherwise substituting its judgment for that of the Commissioner. *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011); *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008). Instead, the court looks at whether the ALJ articulated an "accurate and logical bridge" from the evidence to his conclusions. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). This requirement is designed to allow a reviewing court to "assess the validity of the agency's

ultimate findings and afford a claimant meaningful judicial review." *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002). Thus, even if reasonable minds could differ as to whether the claimant is disabled, courts will affirm a decision if the ALJ's opinion is adequately explained and supported by substantial evidence. *Elder*, 529 F.3d at 413.

**IV.     The ALJ erred by failing to account for the limitations resulting from Claimant's mental impairment when he determined Claimant's RFC.**

The ALJ determined that Claimant's anxiety and depression are non-severe impairments that create "no more than minimal" limitations on her ability to perform work activities. (R. 16). Although the ALJ did not elaborate as to what those minimal limitations are, he gave "considerable weight" to the opinions of state agency psychological consultants Drs. Voss and Henson, both of whom found that Claimant has mild limitations in interacting with others, as well as mild limitations in concentration, persistence, and pace.[2] (R. 83, 122). Despite the ALJ's incorporation of these findings into his discussion of Claimant's mental impairments, he failed to consider the effects of Claimant's depression and anxiety in his RFC analysis.

Claimant argues that the ALJ erred by determining her RFC in this fashion. Because this argument has merit, the Court finds that a remand to the Social Security Administration is warranted and it will not address Claimant's remaining arguments. *See DeCamp v. Berryhill*, 916 F.3d 671, 676 (7th Cir. 2019) ("Because we determine that the ALJ did not properly evaluate DeCamp's limitations in concentration, persistence, and pace, we do not address DeCamp's other arguments."). The Court's decision in this regard is not a comment on the merits of Claimant's other arguments and she is free to assert them on remand.

---

[2] This failure to rate the degree of Claimant's functional limitation in the four areas known as the paragraph B criteria constitutes an error in and of itself. On remand, the ALJ should make explicit findings regarding Claimant's limitations in each of these domains. *See Craft v. Astrue*, 539 F.3d 668, 674 (7th Cir. 2008) ("If the claimant has a medically determinable mental impairment, then the ALJ must document that finding and rate the degree of functional limitation in four broad areas.").

"The RFC is an assessment of what work-related activities the claimant can perform despite her limitations." *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004); *Murphy v. Colvin*, 759 F.3d 811, 817 (7th Cir. 2014). The task of assessing a claimant's RFC is reserved to the Commissioner. *Diaz v. Chater*, 55 F.3d 300, 306 n.2 (7th Cir. 1995). "When determining a claimant's RFC, the ALJ must consider the combination of all limitations on the ability to work, including those that do not individually rise to the level of a severe impairment, . . . [and] [a] failure to fully consider the impact of non-severe impairments requires reversal." *Denton v. Astrue*, 596 F.3d 419, 423 (7th Cir. 2010) (citation omitted); *Golembiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003). Accordingly, "[c]ourts in this circuit have consistently held that an ALJ's unexplained failure to include even mild limitations in concentration, persistence, and pace in the RFC warrants remand." *Hovi v. Colvin,* No. 12-C-169, 2013 WL 3989232, at *16 (W.D.Wis. Aug. 2, 2013) (citing cases).

Incorporating such non-physical limitations into the RFC is critical, as "even mild limitations in social functioning or concentration, persistence, or pace may preclude the ability to perform . . . skilled and semi-skilled work." *Cheryl C. v. Berryhill*, No. 18 C 1443, 2019 WL 339514, at *3 (N.D.Ill. Jan. 28, 2019); *see also Hovi*, 2013 WL 3989232, at *16. Even a claimant's ability to perform unskilled work may be impacted or precluded by difficulties with memory and concentration. *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 620 (7th Cir. 2010) (citing *Craft,* 539 F.3d at 677-78).

In support of the ALJ's RFC findings, the Commissioner asserts that the Seventh Circuit has "declined to hold that mild limitations at step two of the sequential-evaluation process must appear in the RFC." (Dckt. #19 at 12) (citing *Applewhite v. Colvin*, 54 F.Supp.3d 945, 954 (N.D.Ill. 2014)). This response misses the point. Even if a mild limitation finding at step two

does "not necessarily equate to any RFC limitation," *Rick M. v. Saul*, No. 20-cv-4369, 2021 WL 2588762, at *5 (N.D.Ill. June 24, 2021), "the ALJ must still affirmatively *evaluate* the effect such mild limitations have on the claimant's RFC," *Simon-Leveque v. Colvin*, 229 F.Supp.3d 778, 787 (N.D.Ill. Jan. 17, 2017) (emphasis in original); *see also Anthony W. v. Kijakazi*, No. 20 C 6209, 2022 WL 1062334, at *4 (N.D.Ill. Apr. 8, 2022) ("[E]ven if the ALJ's RFC determinations were to remain unchanged after an evaluation of the functional limitations, an ALJ is still required to articulate whether her mild functional limitation findings in the B criteria categories are consistent with her RFC analysis."); *Lawrence J. v. Saul*, No. 19-cv-1834, 2020 WL 108428, at *3 (N.D.Ill. Jan. 9, 2020) ("Although by no means is it a given that a mild limitation in mental functioning will impact a claimant's ability to secure employment, the ALJ is still required to evaluate the effect of any mild limitations on the RFC.") (citations omitted); *Muzzarelli v. Astrue*, No. 10 CV 7570, 2011 WL 5873793, at *23 (N.D. Ill. Nov. 18, 2011) (holding that if ALJ believed mild limitations assessed at step two "did not merit a non-exertional limitation in the RFC, he was obligated to explain that conclusion so that we can follow the basis of his reasoning"). Indeed, the very case relied on by the Commissioner explicitly acknowledges the ALJ's duty to "consider impairments she rules non-severe in her RFC determination." *Applewhite*, 54 F.Supp.3d at 953.[3]

Because the ALJ failed to explain how the limitations created by Claimant's depression and anxiety factored into his RFC analysis, the ALJ's analysis is fatally flawed. On remand, the

---

[3] The Commissioner also argues that the same evidence the ALJ relied on to find Claimant's mental limitations non-severe "supported the conclusion that [Claimant], having no more than mild mental limitations, required no accommodations." (Dckt. #19 at 12). However, the ALJ did not reach this conclusion himself and the *Chenery* doctrine "forbids the Commissioner from relying at this stage on a rationale that was not used by the agency." *Poole v. Kijakazi*, 28 F.4th 792, 796 (7th Cir. 2022) (citing *SEC v. Chenery Corp.*, 318 U.S. 80 (1943)); *see also Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020) ("Our review is limited also to the ALJ's rationales; we do not uphold an ALJ's decision by giving it different ground to stand upon.").

ALJ must either incorporate into the RFC non-exertional limitations that account for Claimant's mild limitations in interacting with others and his mild limitations in concentration, persistence, and pace, *or* explain why such limitations are unnecessary. *See, e.g., John M. v. Kijakazi*, No. 19 cv 1595, 2022 WL 220384, *9-10 (N.D.Ill. Jan. 25, 2022); *Cheryl C*, 2019 WL 339514, at *3-4; *President v. Berryhill*, No. 17-C-4910, 2018 WL 4282053, at *3-4 (N.D.Ill. Sept. 7, 2018); *Alesia v. Astrue*, 789 F.Supp.2d 921, 933-34 (N.D.Ill. 2011) (remanding because the ALJ did not consider the impact of the claimant's non-severe depression, which caused mild limitations in concentration, persistence, or pace, in his RFC); *Koswenda v. Astrue*, No. 08-C-4732, 2009 WL 958542, at *5 (N.D.Ill. Apr. 2, 2009) (noting that even mild limitations in concentration, persistence, or pace should have been included in hypothetical questions to the vocational expert). The Court also notes that, on remand, the ALJ should explicitly rate the degree of Claimant's functional limitation in each of the four paragraph B categories. *See* n.2, *supra*.

## CONCLUSION

For the foregoing reason, Claimant's motion to reverse the Commissioner's decision to deny her DIBs and SSI benefits, (Dckt. #16), is granted and the Commissioner's motion for summary judgment, (Dckt. #19), is denied. The decision of the Commissioner is reversed, and the case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

**ENTERED:** July 14, 2022

**Jeffrey I. Cummings**
**United States Magistrate Judge**

9